**MANUFACTURED HOME COMMU-NITIES INC., a corporation, Plaintiff–Appellant,**

v.

**COUNTY OF SAN DIEGO; et al., Defendants–Appellees.**

**Manufactured Home Communities Inc., a corporation, Plaintiff–Appellant,**

v.

**County of San Diego; et al., Defendants–Appellees.**

Nos. 05–56401, 05–56559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed March 6, 2008.

David J. Bradford, Esq., Jenner & Block, Chicago, IL, Elliot L. Bien, Esq., Bien & Summers LLP, Novato, CA, Robert S. Coldren, Esq., Hart King & Coldren, PC, Santa Ana, CA, for Plaintiff–Appellant.

William A. Johnson, Jr., Esq., Office of the County Counsel, William L. Pettingill, Esq., County Counsel Office, James M. Chapin, Esq., San Diego, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

### MEMORANDUM [*]

Manufactured Home Communities, Inc. ("MHC") appeals from the district court's grant of summary judgment to the County of San Diego ("County") and County Supervisor Dianne Jacob on a variety of grounds. In a concurrently filed opinion, we reverse in part the district court order granting defendants' motion to strike MHC's state tort law claims. *See Manufactured Home Communities, Inc., v. County of San Diego,* Nos. 05–56401 & 05–56559, —— F.3d ——, 2008 WL 600974 (filed March 6, 2008). The facts and prior proceedings are known to the parties and are repeated herein only as necessary.

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

### I

The district court did not err in granting summary judgment to the County on MHC's claims brought under *Monell v. Dep't of Soc. Serv. of the City of N.Y.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for failure to establish that any alleged injury was the result of an official policy or custom by the County. The district court rightly concluded that the plaintiff could adduce no legal authority for its claim that Jacob had final policy-making authority for the County. Contrary to MHC's claims, this is a decision for the judge alone, not a jury. *Lytle v. Carl,* 382 F.3d 978, 982 (9th Cir.2004).

MHC's argument that by adopting legislation proposed by Jacob the Board of Supervisors "ratified" the actions giving rise to this complaint is without merit. MHC can point to no ratification of specific decisions undertaken under that policy at Jacob's discretion. *See Hammond v. County of Madera,* 859 F.2d 797 (1988). Indeed, nothing like the "active participation" by authorized policymakers found in *Hammond* is alleged here, let alone approval of "a subordinate's decision and the basis for it." 859 F.2d at 802–03.

Similarly, MHC's claim to have suffered a violation of Equal Protection as a "class of one" demonstrates that any injury it suffered here could not have been an instance of a long-standing custom constituting "the standard operating procedure of the local government entity." *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (citation and internal quotation marks omitted).

## II

The district court did not err in concluding that Jacob's allegedly retaliatory actions were not taken in order to chill MHC's First Amendment expressive conduct. In the case at bar, it is difficult to conclude that the residents would not have complained, or that Jacob would not have responded, if MHC had merely raised rent rather than also expressing its "views about rent control and the county housing market." *See McKinley v. City of Eloy,* 705 F.2d 1110, 1115 (9th Cir.1983) ("The discharge in this case could have been justified had defendant demonstrated that plaintiff would have been terminated regardless of his constitutionally protected conduct."). Under *McKinley,* although the motivation to chill speech need not be the exclusive reason for the challenged conduct, it must be a necessary reason. *Id.* Here, the district court concluded that overwhelming evidence supported the conclusion that the rent increases themselves, not the letters announcing the increases, gave rise to the residents' complaints and to Jacob's conduct. MHC has not raised more than a "mere scintilla" of evidence that Jacob's aim was to silence MHC's protected First Amendment activity. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III

Thus the district court's grant of summary judgment is AFFIRMED.