**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| STEVEN D. STEIN,<br><br>            Plaintiff - Appellee,<br><br>    v.<br><br>LARRY B. ANDERSON, an individual,<br><br>            Defendant - Appellant,<br><br>    and<br><br>TRI-CITY HEALTHCARE DISTRICT, a California Healthcare District,<br><br>            Defendant. | No. 14-55265<br><br>D.C. No. 3:12-cv-02524-BTM-BGS<br><br><br>MEMORANDUM[*] |
| STEVEN D. STEIN,<br><br>            Plaintiff - Appellee,<br><br>    v.<br><br>LARRY B. ANDERSON, an individual,<br><br>            Defendant, | No. 14-55274<br><br>D.C. No. 3:12-cv-02524-BTM-BGS |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and

TRI-CITY HEALTHCARE DISTRICT, a
California Healthcare District,

   Defendant - Appellant.

STEVEN D. STEIN,

   Plaintiff - Appellee,

 v.

TRI-CITY HEALTHCARE DISTRICT, a
California Healthcare District,

   Defendant,

 and

LARRY B. ANDERSON, an individual,

   Defendant - Appellant.

No. 14-56577

D.C. No. 3:12-cv-02524-BTM-
BGS

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief District Judge, Presiding

Argued and Submitted February 5, 2016
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges, and RAKOFF,[**] Senior District Judge.

Tri-City Healthcare District ("Tri-City") and Larry B. Anderson ("Defendants") each appeal the district court's denial of their respective anti-SLAPP motions.[1] Anderson also appeals the district court's denial of his motion for partial summary judgment based on qualified immunity. We review both issues de novo. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (anti-SLAPP); *CarePartners, LLC v. Lashway*, 545 F.3d 867, 875–76 (9th Cir. 2008) (qualified immunity).

1.      Defendants are entitled to strike Stein's actions for false light and blacklisting pursuant to California's anti-SLAPP statute. *See* Cal. Civ. Proc. Code § 425.16(b)(1). First, Defendants made the required "threshold showing" that Tri-

---

[**]      The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[1] Defendants also moved to strike pages 1–8 and 11–159 of Steven D. Stein's "supplemental excerpts of record" in case number 14-55265. We may only consider "the record before the trial judge when his decision was made." *United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir. 1979); *see also* Fed. R. App. P. 10(a); 9th Cir. R. 10-2. Stein's attempt to "unilaterally supplement the record on appeal with evidence not reviewed by the court below" without making a motion or formal request to this court was a "serious violation" of appellate procedure. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003) (quoting *Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 974 (9th Cir. 1994), *abrogated on other grounds by Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022 (Cal. 1994)). Thus, we grant Defendants' motion to strike and award them the associated costs.

City's statement arose from a protected activity (the right of free speech). *See Equilon Enters. v. Consumer Cause, Inc.*, 52 P.3d 685, 694 (Cal. 2002). Tri-City's statement was protected under California Civil Procedure Code section 425.16(e)(2) as a statement "made in connection with an issue under consideration or review by a . . . judicial body." *See City of Costa Mesa v. D'Alessio Invs., LLC*, 154 Cal. Rptr. 3d 698, 710 (Cal. Ct. App. 2013).

Second, Stein has not "demonstrated a probability of prevailing" on his claims for false light invasion of privacy and blacklisting. *See Equilon Enters.*, 52 P.3d at 694. Stein's claims for false light and blacklisting cannot prevail, because the statement at issue was a constitutionally protected statement of opinion. *See Lieberman v. Fieger*, 338 F.3d 1076, 1079 (9th Cir. 2003). No "reasonable factfinder could conclude that the contested statement[, saying someone has a long history of being a disgruntled employee,] 'impl[ies] an assertion of objective fact.'" *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995) (second alteration in original) (quoting *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir. 1990)); *see also Lieberman*, 338 F.3d at 1080 (listing factors this court examines in determining whether a statement implies a factual assertion). Rather, the statement reads as fiery rhetoric "published in a . . . setting in which the [newspaper readers could] anticipate efforts by the parties to persuade others to

-4-

their positions." *Manufactured Home Cmtys., Inc. v. Cty. of San Diego*, 544 F.3d 959, 963 (9th Cir. 2008) (quoting *Gregory v. McDonnell Douglas Corp.*, 552 P.2d 425, 428 (Cal. 1976)).[2] Because Defendants have prevailed on their anti-SLAPP motion, they are also "entitled to recover [their] attorney[s'] fees and costs," which were incurred in bringing the motion to strike and its related appeal. Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 17 P.3d 735, 741, 747 (Cal. 2001).

2.      Anderson is protected from liability under the first prong of the qualified immunity doctrine. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." (citations omitted)). Stein's constitutionally protected property interest in the right to continued employment could only be violated if he was terminated without due process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39, 546 (1985) (property interest arising from employment agreement that states an employee may only be terminated for cause); *FDIC v. Henderson*, 940 F.2d 465, 476 (9th Cir. 1991) (property interest arising from employment agreement that states an employee is entitled to continued pay and benefits for a fixed period of time upon termination without cause).

_____

[2] Because we determined that Tri-City's statement was a non-actionable statement of opinion, we need not reach Defendants' secondary arguments under the litigation privilege and reporter's privilege.

Anderson did not violate Stein's right to continued employment by sending the March 2, 2012 letter accepting Stein's resignation, because doing so could not terminate Stein's employment. (If Stein's employment had terminated on that date, the termination could have only resulted from Stein resigning, not Anderson accepting his resignation.) Likewise, Anderson did not violate Stein's right to continued employment by turning the matter over to Tri-City's legal department after Stein asserted that he had not resigned. Finally, Stein has not shown that Anderson had any involvement in Tri-City's ultimate decision to terminate Stein without first providing him a pre-termination notice or hearing.[3] Therefore, Stein has not shown that Anderson violated his constitutional rights.

**REVERSED and REMANDED.**

---

[3] We note that, although we must read the facts in the light most favorable to Stein, we are not required to accept bald assertions as fact. *See* Fed. R. Civ. P. 56(c)(1)(A) (stating that a party's assertions must be supported by references "to particular parts of materials in the record"); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts."); *Schowengerdt v. United States*, 944 F.2d 483, 489 (9th Cir. 1991) (explaining that "inference and speculation" do not establish facts in a manner sufficient to overcome a summary judgment motion).