[No. B075094. Second Dist., Div. Three. June 29, 1995.]

JOHN O. ROBERTSON, Plaintiff and Appellant, v.
ALEX RODRIGUEZ et al., Defendants and Appellants.

**COUNSEL**

Robert Marc Hindin for Plaintiff and Appellant.

Tuttle & Taylor, Merrick J. Bobb and Jeffrey D. Wexler for Defendants and Appellants.

**OPINION**

**KLEIN, P. J.**—Plaintiff and appellant John O. Robertson (Robertson) appeals a judgment striking his complaint and dismissing his action pursuant to Code of Civil Procedure section 425.16 and awarding $15,000 in attorney

fees to defendants Alex Rodriguez (Rodriguez), Jack Cluck, Joseph Graffio and David Silva (collectively, defendants).[1]

Defendants also appeal, seeking review of the trial court's attorney fees ruling, and contend they were entitled to an award of $23,847.

The issues include whether section 425.16 is applicable to a cause of action which arose before its effective date, the standard for determining whether a claim has a "probability" of prevailing, and whether the statute authorizes an award of "reasonable" attorney fees to a prevailing defendant as opposed to the defendant's actual attorney fees.

We conclude the statute applies to actions which accrued before its effective date because it does not change the legal effect of past conduct. A plaintiff may withstand a motion to strike by demonstrating sufficient facts to establish a prima facie case. Further, the prevailing party, whether plaintiff or defendant, is limited to recovery of reasonable attorney fees. For these and other reasons discussed below, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Robertson was a councilman for the City of Cudahy (the City), as were the defendants. Defendants were the proponents of a recall petition against Robertson.

On November 5, 1992, Robertson filed a libel action against defendants. Although the complaint alleged defendants had made several libelous statements, Robertson's brief challenges the trial court's ruling with respect to a single statement by Rodriguez.

In the second cause of action directed solely against Rodriguez, Robertson pled that in October 1992, Rodriguez published a mailer asserting Robertson "was fined for running an illegal business out of his home apparently feeling that as a Councilman he, Mr. Robertson, did not have to obey the law." A copy of the mailer was appended to the complaint as an exhibit.

Defendants filed their answers and then brought a special motion to strike pursuant to section 425.16. Defendants contended the complaint could not

---

[1] A claim arising from a person's exercise of the right of free speech in connection with a public issue is subject to a special motion to strike, unless the trial court determines ". . . the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Code Civ. Proc., § 425.16, subd. (b).)

All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

stand because Robertson could not show a probability he would prevail on the claim and that the statements were true and privileged under the First Amendment due to Robertson's status as a public official. Defendants also requested attorney fees pursuant to the statute.

The moving papers were supported by Rodriguez's declaration, which stated: "At some point in time, I became aware that the City . . . had brought a criminal prosecution against [Robertson] for running a business out of his home in Cudahy, in violation of City zoning laws. In August or September 1992, I asked Mr. Joseph [the city manager and city clerk] about the prosecution. Mr. Joseph told me that [Robertson] had paid the City $1,000 and had agreed to move his business outside the City . . . . Mr. Joseph also gave me copies of a $1,000 cashier's check from [Robertson] to the City . . . and of the agreement ending the prosecution of [Robertson]."

Attached to Rodriguez's declaration were copies of the cashier's check and the civil compromise and abatement agreement (the civil compromise) among the City's city prosecutor, Robertson and Earth Engineering, Inc. (EEI), of which Robertson was president. The civil compromise recited EEI would reimburse the city $1,000 for investigation and enforcement costs, EEI and Robertson's denial of violating the law, and their agreement not to conduct business operations or corporate activities in a residential zone of the City.

In opposition, Robertson argued section 425.16 was inapplicable because the cause of action arose prior to the statute's effective date of January 1, 1993, and that libelous statements made during a recall campaign or election were actionable.

Robertson's declaration asserted, inter alia, he required more time to ascertain the facts and had not yet taken the depositions of councilmen Cluck, Graffio and Silva, although he had taken the depositions of Rodriguez and Joseph. With respect to Rodriguez's reliance on the civil compromise in his moving declaration, Robertson contended the document clearly and equivocally illustrated any charge was dissolved by the civil compromise and there was no conviction or fine.

On March 1, 1993, the trial court heard and granted the motion, ruling the "[j]ob performance of a public official is a matter of public concern. Plaintiff's declaration does not give rise to actual malice. Legislative intent is to discourage lawsuits where political conduct is involved. [Section]

425.16 was enacted for that purpose. This motion [is to be] treated as a motion for summary judgment . . . ."[2]

On March 24, 1993, defendants filed a motion for costs and attorney fees, requesting $23,847 in total. (§ 425.16, subd. (c).)

Robertson argued the attorney fees motion was stayed by his filing of a notice of appeal on March 29, 1993, from the March 1, 1993, ruling.

The trial court rejected Robertson's jurisdictional argument and awarded $15,000 to defendants.

Both Robertson and defendants appealed the judgment.

## CONTENTIONS

Robertson contends: his libel claim is not subject to section 425.16 because the statute does not have retroactive application; he was denied the right to engage in meaningful discovery to meet the constitutional require-ment of establishing actual malice and to meet the standard of proof imposed by the statute; and, with knowledge of the terms of the civil compromise, Rodriguez could not have printed in good faith the language in the mailer that Robertson was fined for running an illegal business out of his home.

Defendants argue they were entitled to an award equalling their entire attorney fees and costs because the statute does not limit a prevailing defendant's recovery to reasonable attorney fees.

## DISCUSSION

1. *Background of section 425.16.*

The purpose underlying section 425.16 is set forth in the statute, which states: "(a) The Legislature finds and declares that there has been a disturb-ing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." (§ 425.16, subd. (a.)

---

[2]The trial court erred in characterizing the instant motion as one for summary judgment. The motion contemplated by section 425.16 is a "special motion to strike." (§ 425.16, subd. (b).) However, the misnomer was harmless and, as discussed below, the trial court's decision was substantively correct. (*DiAmico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

To meet this concern, the statute provides that a cause of action arising from a person's exercise of the constitutional rights of petition or free speech in connection with a public issue is subject to a special motion to strike, unless it is determined the plaintiff has established a probability of prevailing on the claim. (§ 425.16, subd. (b).) That determination is made on the basis of the pleadings, as well as supporting and opposing affidavits stating the facts upon which the liability or defense is based. (§ 425.16, subd. (b).) Once it has been determined there is a probability the plaintiff will prevail, that determination is inadmissible at any later stage of the case and does not affect the applicable burden or degree of proof. (§ 425.16, subd. (b.)

Thus, section 425.16 is analogous to other statutes requiring the plaintiff to make a threshold showing, which are aimed at eliminating meritless litigation at an early stage. (See *Wilcox* v. *Superior Court* (1994) 27 Cal.App.4th 809, 823-824 [33 Cal.Rptr.2d 446].)

One such statute is section 425.13, which bars inclusion of a punitive damages claim in certain actions against health care providers unless the plaintiff first demonstrates a "substantial probability" plaintiff "will prevail" on the claim. (*College Hospital Inc.* v. *Superior Court* (1994) 8 Cal.4th 704, 709 [34 Cal.Rptr.2d 898, 882 P.2d 894]; *Looney* v. *Superior Court* (1993) 16 Cal.App.4th 521, 537 [20 Cal.Rptr.2d 182].) Similarly, section 425.14 precludes the filing of a claim for punitive damages against a religious corporation unless the plaintiff can demonstrate the existence of sufficient evidence to establish a prima facie right to recover punitive damages, that is, sufficient evidence to permit the claim to go to a jury under the clear and convincing standard. (*Rowe* v. *Superior Court* (1993) 15 Cal.App.4th 1711, 1734-1735 [19 Cal.Rptr.2d 625].) Also, Civil Code section 1714.10 bars the assertion of a cause of action against an attorney for a civil conspiracy with a client unless the trial court determines there is a "reasonable probability" the plaintiff will prevail. (Civ. Code, § 1714.10, subd. (a); *Hung* v. *Wang* (1992) 8 Cal.App.4th 908, 929 [11 Cal.Rptr.2d 113].)

*Hung* explained the trial court's role in scrutinizing a proposed claim under Civil Code section 1714.10. The trial court cannot weigh the evidence. "Whether or not the evidence is in conflict, if the [plaintiff] has presented a sufficient pleading and has presented evidence showing that a prima facie case will be established at trial, the trial court must grant the petition." (*Hung* v. *Wang, supra,* 8 Cal.App.4th at pp. 933-934.) This test avoids infringing the right to a jury trial. (*Id.,* at p. 934.)

The *Hung* test, calling for a prima facie showing by the plaintiff, has been extended to evaluation of claims pursuant to section 425.16. (*Wilcox* v.

*Superior Court, supra,* 27 Cal.App.4th at pp. 823-825; *Dixon* v. *Superior Court* (1994) 30 Cal.App.4th 733, 744-746 [36 Cal.Rptr.2d 687].)[3]

### 2. *Section 425.16 applies to causes of action which accrued before its effective date.*

■ Robertson contends section 425.16 is inapplicable to his libel claim because the cause of action arose in October 1992, the complaint was filed in November 1992, and the statute's effective date was January 1, 1993.

The argument is meritless. Section 425.16, a procedural statute, is being applied *prospectively* to an existing cause of action.

Section 3, stating "[n]o part of [the Code of Civil Procedure] is retroactive, unless expressly so declared," reflects the common understanding that legislative provisions are presumed to operate prospectively. (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1207-1208 [246 Cal.Rptr. 629, 753 P.2d 585].)

A statute does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment. (*Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 474 [20 Cal.Rptr. 609, 370 P.2d 313].) The issue of retroactivity requires us to consider "whether the Legislature (1) *has merely effected a change in the conduct of trials, which should routinely apply to this trial,* or (2) has changed the legal consequences of past conduct by imposing new or different liabilities based upon such conduct. (*Tapia* v. *Superior Court* [(1991) 53 Cal.3d 282,] 291 [279 Cal.Rptr. 592, 807 P.2d 434].) If the latter is the case, we must consider also whether the Legislature intended retroactive application and, if so, whether it could properly make it retroactive." (*ARA Living Centers — Pacific, Inc.* v. *Superior Court* (1993) 18 Cal.App.4th 1556, 1563 [23 Cal.Rptr.2d 224], italics added.)

Section 425.16 does not change the legal effect of past conduct. It merely is a procedural screening mechanism for determining whether a plaintiff can demonstrate sufficient facts to establish a prima facie case to permit the matter to go to a trier of fact. (*Wilcox* v. *Superior Court, supra,* 27

---

[3]Because Robertson does not challenge the constitutionality of section 425.16, the issue is not before us. (See *Dixon* v. *Superior Court, supra,* 30 Cal.App.4th at p. 746, fn. 12.)

We note, however, it has been held that section 425.16 does not impair the right to a trial by jury because the trial court does not weigh the evidence in ruling on the motion, but merely determines whether a prima facie showing has been made which would warrant the claim going forward. (*Dixon* v. *Superior Court, supra,* 30 Cal.App.4th at p. 746; *Wilcox* v. *Superior Court, supra,* 27 Cal.App.4th at pp. 823-825.)

Cal.App.4th at p. 824.) Therefore, the statute is applicable to a cause of action which arose before its effective date.

### 3. *Robertson had adequate discovery.*

■ Preliminarily, Robertson's argument he was denied the right to engage in meaningful discovery is meritless because he did not move for a continuance for that purpose.

Section 425.16, subdivision (g), states in relevant part: "All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. . . . The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, *on noticed motion and for good cause shown*, may order that specified discovery be conducted notwithstanding this subdivision." (Italics added.)

Robertson did not file a noticed motion to conduct additional discovery. Instead, he merely asserted in his opposing declaration he required more time to ascertain the facts and had not yet taken the depositions of councilmen Cluck, Graffio and Silva. In view of Robertson's failure to comply with section 425.16, subdivision (g), the trial court did not abuse its discretion in denying a continuance.

Moreover, Robertson obtained adequate discovery prior to the defendants' motion to strike. As indicated, he had taken the depositions of Rodriguez and Joseph. The only alleged libelous statement now in issue was made by Rodriguez, who conferred with Joseph before issuing the statement. Thus, Robertson had available to him the deposition testimony of the relevant individuals.

### 4. *The trial court properly struck Robertson's cause of action against Rodriguez for libel.*

■ Analysis of the pleadings and affidavits pursuant to the applicable standard discloses the trial court properly concluded Robertson could not establish a probability of prevailing on the claim. (§ 425.16, subd. (b).)

#### a. *General principles of libel law require independent appellate review.*

■ In the landmark decision of *New York Times Co.* v. *Sullivan* (1964) 376 U.S. 254 [11 L.Ed.2d 686, 84 S.Ct. 710, 95 A.L.R.2d 1412], the Supreme Court held a public official may not recover damages for a

defamatory falsehood relating to official conduct unless it is proved the statement was made with " 'actual malice,' " that is, with knowledge it was false or with reckless disregard of whether it was false. (*Id.*, at pp. 279-280 [11 L.Ed.2d at p. 706].) *New York Times Co.* further declared that in order to ensure libel judgments do not run afoul of constitutional principles, the appellate court must independently examine the statements in issue and the circumstances under which they are made against the backdrop of the entire record. (*Id.*, at p. 285 [11 L.Ed.2d at p. 709]; *McCoy* v. *Hearst Corp.* (1986) 42 Cal.3d 835, 841 [231 Cal.Rptr. 518, 727 P.2d 711].)

This principle of independent review was reaffirmed in *Bose Corp.* v. *Consumers Union of U.S., Inc.* (1984) 466 U.S. 485 [80 L.Ed.2d 502, 104 S.Ct. 1949]. "The requirement of independent appellate review reiterated in *New York Times Co.* v. *Sullivan* is a rule of federal constitutional law. . . . It reflects a deeply held conviction that judges . . . must exercise such review in order to preserve the precious liberties established and ordained by the Constitution. The question whether the evidence in the record in a defamation case is of the convincing clarity required to strip the utterance of First Amendment protection is not merely a question for the trier of fact. Judges, as expositors of the Constitution, must independently decide whether the evidence in the record is sufficient to cross the constitutional threshold that bars the entry of any judgment that is not supported by *clear and convincing proof of 'actual malice.'* " (*Id.*, at pp. 510-511 [80 L.Ed.2d at p. 523], italics added.)

These principles direct us to conduct an independent review of the entire record to determine whether Robertson made a sufficient prima facie showing of facts which would sustain a favorable libel judgment under the clear and convincing evidence standard.

   b.   *Robertson did not make an adequate prima facie showing of actual malice.*

Robertson does not dispute he is a public figure or that he is required to show actual malice. However, he avers that with knowledge of the terms of the civil compromise, Rodriguez could not have printed in good faith the language in the mailer that Robertson was fined for running an illegal business out of his home.

In approaching the issue of whether Robertson demonstrated the existence of a prima facie case for libel, we bear in mind the higher clear and convincing standard of proof. (See *Looney* v. *Superior Court, supra,* 16 Cal.App.4th at pp. 538-539.)

■ We further recognize that section 425.16, by requiring scrutiny of the supporting and *opposing* affidavits stating the facts upon which the liability or *defense* is based, calls upon the plaintiff to meet the defendant's constitutional defenses, such as lack of actual malice. (§ 425.16, subd. (b); *Wilcox* v. *Superior Court, supra,* 27 Cal.App.4th at p. 824; *New York Times Co.* v. *Sullivan supra,* 376 U.S. at pp. 279-280 [11 L.Ed.2d at pp. 706-707]; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 534, p. 622.)[4] This burden is "met in the same manner the plaintiff meets the burden of demonstrating the merits of its causes of action: by showing the defendant's purported constitutional defenses are not applicable to the case as a matter of law or by a prima facie showing of facts which, if accepted by the trier of fact, would negate such defenses." (*Wilcox, supra,* at p. 824.)

■ Turning to the record, Rodriguez's declaration stated he became aware the City had brought a criminal prosecution against Robertson for running a business out of his home in the City in violation of City zoning laws. He asked Joseph, the city manager and city clerk, about the prosecution. Joseph advised Rodriguez that Robertson had paid the City $1,000 and had agreed to move his business outside the City. Joseph also gave Rodriguez a copy of the $1,000 cashier's check from Robertson to the City as well as a copy of the compromise agreement.

Given Joseph's statements to Rodriguez, which are uncontroverted, Robertson failed to make a prima facie showing Rodriguez accused him of running an illegal home business with actual malice. As indicated, actual malice denotes either knowledge the publication was false or a reckless disregard of whether it was false. (*New York Times Co.* v. *Sullivan, supra,* 376 U.S. at pp. 279-280 [11 L.Ed.2d at pp. 706-707].) In view of what Rodriguez learned from Joseph regarding the matter, the mere fact the compromise agreement contained a boilerplate denial of wrongdoing did not show Rodriguez acted with actual malice in accusing Robertson of running an illegal home business.

The remaining issue is whether Rodriguez improperly asserted Robertson had been "fined" by the City. Robertson contends it is clear from the civil compromise there was no conviction of any kind against either him or EEI, and therefore the statement is verifiably false. Again, Robertson relies on the civil compromise, which recited the $1,000 payment constituted "reimbursement [to the City] of investigation and enforcement costs in connection with this action."

---

[4]*New York Times Co.* held the First Amendment's guarantees of freedom of speech and of the press, as applied to the states by the Fourteenth Amendment, require a defense of qualified privilege for criticism of official conduct, and preclude a public official from prevailing in a libel action against critics of his or her official conduct absent proof of actual malice. (*New York Times Co.* v. *Sullivan, supra,* 376 U.S. at pp. 267-283 [11 L.Ed.2d at pp. 698-708]; 5 Witkin, Summary of Cal. Law, *supra,* § 534, p. 622.)

The argument is unavailing because Robertson's definition of a fine is overly narrow in that fines are not limited to criminal cases. Webster's Third New International Dictionary (1986) page 852 defines fine, inter alia, as "a forfeiture or penalty paid to an injured party in a *civil* action." (Italics added.)

Consequently, because a fine may be construed as a civil penalty, Robertson failed to make a prima facie showing Rodriguez acted with actual malice in stating Robertson had been fined.

In sum, our independent review of the entire record leads us to conclude Robertson failed to make a prima facie showing of facts to sustain a favorable libel judgment under the clear and convincing evidence standard. Because Robertson failed to establish a probability of prevailing on the claim (§ 425.16, subd. (b)), the trial court properly granted the motion to strike.

5. *The trial court had jurisdiction to entertain defendants' motion for attorney fees.*

Although Robertson's notice of appeal refers to the attorney fees award, his brief lacks any contention in that regard. However, we address the jurisdictional issue which was raised by Robertson below.

As indicated, Robertson argued in the trial court that the trial court lacked jurisdiction to rule on defendants' motion for attorney fees due to the pendency of Robertson's appeal from the order granting defendants' motion to strike. He relied upon section 916, subdivision (a), which states that with certain exceptions, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from.

■ The trial court properly concluded it had jurisdiction to proceed because the trial court "retains jurisdiction to entertain a motion for attorney fees despite an appeal[.]" (*Nazemi* v. *Tseng* (1992) 5 Cal.App.4th 1633, 1639 [7 Cal.Rptr.2d 762].)

Moreover, the March 29, 1993, notice of appeal was premature in that final judgment had not yet been entered. (Cal. Rules of Court, rule 2(c).) It is a perfected appeal which stays proceedings in the trial court. (§ 916, subd. (a).)

6. *Section 425.16 limits a prevailing party's recovery to reasonable attorney fees, irrespective of whether the prevailing party is a plaintiff or a defendant.*

■ Defendants contend the trial court erred in awarding only $15,000 rather than their incurred attorney fees and costs of $23,847.

Their argument rests on section 425.16, subdivision (c), which states: "In any action . . . , a prevailing *defendant* on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and *reasonable* attorney's fees to a *plaintiff* prevailing on the motion, pursuant to Section 128.5." (Italics added.)

Defendants argue that while the statute limits a prevailing plaintiff's recovery to reasonable attorney fees and costs, it contains no such limitation on the right of a prevailing defendant.

We are well aware of the axiom that when the drafters of a statute have employed a term in one place and omitted it in another, it should not be inferred where it has been excluded. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1010 [239 Cal.Rptr. 656, 741 P.2d 154].)

However, the rules of statutory construction also require courts to construe a statute to promote its purpose, render it reasonable, and avoid absurd consequences. (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 484-485 [208 Cal.Rptr. 724, 691 P.2d 272].) It is the duty of the courts to construe statutes so as to avoid a ludicrous result if at all possible. (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 9 [177 Cal.Rptr. 325, 634 P.2d 352].)

If section 425.16 were interpreted to prevent a trial court from awarding attorney fees to a prevailing defendant in an amount the court deems reasonable and simply requires the trial court to award the amount requested, the statute would mandate the court to make what might be an *unreasonable* award. We cannot ascribe such an intention to the Legislature.

Further, if a trial court were bound by the amount of attorney fees sought by a prevailing defendant under section 425.16 and had no discretion to award a lesser amount, the potential for abuse would be extraordinary. The trial court cannot be placed in the position of having to acquiesce in any amount sought by a prevailing defendant, no matter how outrageous. The trial court's role is not merely to rubber stamp the defendant's request, but to ascertain whether the amount sought is reasonable.

Defendants have not cited any statute which strips the trial court of discretion to determine what constitutes a reasonable fee award, nor do we know of any. To the contrary, the codes are replete with provisions for reasonable attorney fees. (See, e.g., §§ 128.5 [sanctions]; 405.38 [lis pendens]; 437c, subd. (i) [summary judgment]; 1038 [government tort claims]; Civ. Code, § 1717 [contracts]; Fam. Code, § 3557 [support proceedings]; Bus. & Prof. Code, § 809.9 [medical peer review].)

We readily conclude section 425.16 similarly authorizes an award of *reasonable* attorney fees to the prevailing party, irrespective of whether the prevailing party is the plaintiff or the defendant. The right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately compensates them for the expense of responding to a baseless lawsuit.

Whereas we do not view the amount requested by defendants in the instant case as excessive, the trial court was not bound by the amount sought by defendants and had discretion to award them a lesser sum. Defendants have not shown the trial court abused its discretion in awarding them $15,000. The attorney fees award therefore must be upheld.

## DISPOSITION

The judgment is affirmed. Defendants to recover costs on appeal.

Croskey, J., and Luke, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.