Filed 5/20/14  Jovaag v. Champion Mobile Notary CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JORY A. JOVAAG,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CHAMPION MOBILE NOTARY et al.,<br><br>    Defendants and Respondents. | H039269<br>(Santa Clara County<br>Super. Ct. No. 1-12-CV215896) |

This appeal is one in a series of appeals brought by Jory A. Jovaag related to the termination of her 29-year purported common-law marriage to Donald Ott, and Ms. Jovaag's action against Mr. Ott over the division of the couple's jointly held property.[1]

The present appeal is of the trial court's order granting Mr. Ott's attorney, Daniel Jensen's motion for attorney fees and costs pursuant to Code of Civil Procedure section 425.16, subdivision (c)[2] following his successful special motion to strike ("anti-SLAPP" motion) against Ms. Jovaag.

_____

[1]  Jovaag v. Ott (1-08-CV-119884)

[2]  All further statutory references are to the Code of Civil Procedure.

STATEMENT OF THE CASE

The following statement of the case was taken from this court's opinion in *Jovaag v. Ott*, *et al*., (Jul. 22, 2013, H038468) [nonpub. opn.].)

"The underlying action for division of Ms. Jovaag and Mr. Ott's jointly held property was tried in May 2011. The court ruled in favor of Mr. Ott, and issued an injunction freezing all of Ms. Jovaag's accounts. Ms. Jovaag and Mr. Ott appeared for further hearing on the matter on May 16, 2011, and entered into a global settlement of all issues.

"On July 20, 2011, a judgment was entered in favor of Mr. Ott. Part of the judgment required Ms. Jovaag to execute an interspousal transfer deed of trust to real property.

"In January 2012, Ms. Jovaag filed a complaint against Mr. Ott and Mr. Jensen, as well as Champion Mobile Notary, who notarized the interspousal transfer deed. The complaint alleged fraud, real estate fraud, deceit and undue influence. The basis of Ms. Jovaag's allegations is her belief that Mr. Ott and Mr. Jensen willfully deceived her, threatened her with criminal charges, and exerted undue influence over her so that she would execute the interspousal transfer deed.

"On March 16, 2012, Mr. Ott filed an anti-SLAPP motion pursuant to Code of Civil Procedure section 425.16. Mr. Jensen also filed an anti-SLAPP motion, which the court granted on May 24, 2012, dismissing Ms. Jovaag's complaint." (*Jovaag v. Ott*, *et al., supra,* H038468.)

Ms. Jovaag appealed the trial court's grant of the anti-SLAPP motion. This court affirmed the decision of the trial court in *Jovaag v. Ott*, *et al., supra,* H038468.)

Following the grant of the anti-SLAPP motion, Mr. Jensen brought a motion for attorney fees and costs pursuant to section 426.16, subdivision (c) requesting a total of $12,667.85. The court awarded Mr. Jensen the reduced amount of $7,715 in attorney

fees and costs as the prevailing party in the anti-SLAPP motion. Ms. Jovaag filed a notice of appeal of this order.

## DISCUSSION

Ms. Jovaag asserts on appeal that the trial court abused its discretion in awarding Mr. Jensen $7,715 in fees and costs associated with the anti-SLAPP motion.

We review the trial court's award of fees in this case for an abuse of discretion. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134, 1138 (*Ketchum*).) Code of Civil Procedure section 425.16, subdivision (c), provides for mandatory fee-shifting that entitles a prevailing defendant in an anti-SLAPP motion to an award of attorney fees and costs. (*Ketchum*, *supra*, 24 Cal.4th at p. 1131.) The statute is interpreted to allow awards of fees in an amount the court deems reasonable, the determination of which normally begins with the "lodestar" approach (i.e. number of hours reasonably expended multiplied by the reasonable hourly rate prevailing in the community for similar work). (*Id.* at p. 1136.) The reasonableness of the fees to be awarded is within the sound discretion of the trial court, to be determined from a consideration of factors such as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved. (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448.)

Here, Ms. Jovaag fails to establish that the trial court abused its discretion in the award. As the prevailing party in the underlying anti-SLAPP motion, Mr. Jensen was entitled to fees under the statute. (§ 425.16, subd. (c).) The trial court was in the best position to evaluate the work product of Mr. Jensen's attorneys, and awarded the $7,715, which was 40 percent less than the total request of $12,667.85. The record shows the attorneys who prepared the motion were experienced in professional liability defense, and spent a cumulative 30.3 hours in its preparation. Moreover, the attorneys' hourly rates of $395 and $300 are reasonable and reflective of the prices charged by similar attorneys in

3

the San Francisco Bay Area.  The total award of $7,715 is reasonable for the preparation of the anti-SLAPP motion, and was not an abuse of discretion.  (*Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 362 [court did not abuse its discretion in awarding $15,000 in attorney's fees and costs to a prevailing defendant in an anti-SLAPP matter]; *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [court did not abuse its discretion in awarding an anti-SLAPP prevailing defendant $27,000 in attorney fees and costs].)

## DISPOSITION

The order is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.