**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID L. DEFREES, in the right of and for the benefit of U.S. Aerospace Inc., and SIMON GERSHON, in the right of and for the benefit of U S Aerospace Inc.,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>JOHN C. KIRKLAND,<br><br>        Defendant - Appellant,<br><br>  and<br><br>LUCE, FORWARD, HAMILTON and SCRIPPS LLP; et al.,<br><br>        Defendants. | No. 12-55144<br><br>D.C. No. 2:11-cv-04272-GAF-SP<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| CAMOFI MASTER LDC; et al.,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>JERROLD PRESSMAN; et al., | No. 12-55155<br><br>D.C. No. 2:11-cv-04574-GAF-SP |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

AMERICAN DEFENSE INVESTMENTS LLC; et al.,

    Defendants,

    and

JOHN C. KIRKLAND,

    Defendant - Appellant.

DAVID L. DEFREES, in the right of and for the benefit of U.S. Aerospace Inc.; et al.,

    Plaintiffs - Appellees,

    v.

JOHN C. KIRKLAND; et al.,

    Defendants - Appellants,

    and

LUCE, FORWARD, HAMILTON and SCRIPPS LLP; et al.,

    Defendants.

No. 12-56377

D.C. No. 2:11-cv-04272-GAF-SP

CAMOFI MASTER LDC; et al.,

    Plaintiffs - Appellees,

    v.

No. 12-56385

D.C. No. 2:11-cv-04574-GAF-SP

JERROLD PRESSMAN; et al.,

       Defendants,

  and

MICHAEL GOLDBERG; et al.,

       Defendants - Appellants.

---

CAMOFI MASTER LDC; et al.,

       Plaintiffs - Appellees,

  v.

JERROLD PRESSMAN, LUCE FORWARD HAMILTON and SCRIPPS LLP; et al.,

       Defendant,

  and

MICHAEL GOLDBERG; et al.,

       Defendants - Appellants.

No. 12-56755

D.C. No. 2:11-cv-04574-GAF-SP

---

DAVID L. DEFREES, in the right of and for the benefit of U.S. Aerospace Inc.; et al.,

       Plaintiffs - Appellees,

  v.

No. 12-56756

D.C. No. 2:11-cv-04272-GAF-SP

JOHN C. KIRKLAND; et al.,

              Defendants - Appellants,

  and

LUCE, FORWARD, HAMILTON and
SCRIPPS LLP; et al.,

              Defendants.

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted June 2, 2014
Pasadena, California

Before: REINHARDT, NOONAN, and MURGUIA, Circuit Judges.

In this consolidated appeal arising from two related shareholder derivative actions brought on behalf of nominal defendant U.S. Aerospace ("USAE"), various directors, outside counsel, and affiliates of USAE (together, "Defendants") appeal the district court's denial of their numerous pre-answer motions. We affirm for the most part, and remand in part.

**1.** Whether a party has derivative standing to bring a shareholder suit is a legal issue reviewed de novo. *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010). Defendants maintain that the shareholder plaintiffs lost standing following

USAE's reincorporation merger, dated May 3, 2013, yet offer no evidence of the alleged merger. Except in unusual circumstances, not present here, our review is limited to the record before the district court. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003) ("It is a basic tenet of appellate jurisprudence . . . that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." (brackets omitted)). Absent evidence to the contrary, the shareholder plaintiffs satisfy the standing requirement of Federal Rule of Civil Procedure 23.1 for the purposes of this appeal.

**2.** We review de novo a district court's determination that diversity jurisdiction exists, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979 (9th Cir. 2005), and conclude that complete diversity exists in the DeFrees action because no additional parties need be joined under Federal Rule of Civil Procedure 19(a) and realignment of USAE as a plaintiff is inappropriate, *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (realignment is inappropriate "when a corporation's officers or directors are 'antagonistic' to the interests of the shareholder plaintiff(s)." (internal citation omitted)). The same arguments raised with respect to jurisdiction in the CAMOFI action also fail. However, to the extent the citizenship of KC-X remains unresolved in that action, we remand to the district court to make a factual determination of KC-X's

citizenship in the first instance. *See United States v. Anderson*, 663 F.2d 934, 941 (9th Cir. 1981).

**3.** We have jurisdiction under 9 U.S.C. § 16(a)(1)(C) to review the district court's denial of Defendants' motions to compel arbitration. Our review is de novo. *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009). We affirm the district court as to all of Defendants' motions to compel arbitration. First, the district court properly exercised its discretion under the California Arbitration Act in denying arbitration under the Luce Forward Engagement Agreement to avoid "conflicting rulings on [ ] common issue[s] of law or fact." Cal. Civ. Proc. Code. § 1281.2(c). Second, Defendants waived their right to compel arbitration under the individual releases from liability by waiting until after their first motion to compel had proved fruitless. *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1196 (2003) (unreasonable delays by a party or bad faith may constitute waiver and justify a refusal to compel arbitration).

**4.** We have jurisdiction under 28 U.S.C. § 1291 to review the district court's denial of Defendants' motions to strike under California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16.  Once more, our review is de novo. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We affirm the district court because Defendants

failed to demonstrate that the shareholder plaintiffs' claims arise from protected speech or petitioning activity. *See Aguilar v. Goldstein*, 207 Cal. App. 4th 1152, 1164 (2012).

Under California's anti-SLAPP statute, the prevailing party may recover attorney's fees "for the expense of responding to a baseless lawsuit." *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995). The district court determined that Defendants' anti-SLAPP motions were "frivolous and solely intended to cause unnecessary delay," yet with remarkably similar briefing, Defendants rehash the same arguments to this court. Reasonable attorney's fees are therefore warranted in connection with the anti-SLAPP appeal. *See, e.g.*, *Baharian-Mehr v. Smith*, 189 Cal. App. 4th 265, 273-76 (2010). The proper fees and costs shall be determined by the district court. *Id.*

**5.** We decline to exercise pendent jurisdiction over the district court's denial of individual defendant John Kirkland's motion to dismiss. Kirkland's motion bears no more than a tangential relationship to and is not "inextricably intertwined" with Defendants' anti-SLAPP motions. *Batzel v. Smith*, 333 F.3d 1018, 1023 (9th Cir. 2003).

**6.** We deny all remaining motions, including the shareholder plaintiffs' motion for judicial notice, as moot.

**AFFIRMED in part; REMANDED in part.**

Defendants shall bear all costs for this appeal.