Filed 11/5/25  Frazier v. Greenberg CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PHILLIP FRAZIER, Plaintiff and Appellant, v. HOWARD GREENBERG et al., Defendants and Respondents. | D084791 (Super. Ct. No. 37-2024-00010265-CU-NP-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Phillip Frazier, in pro. per, for Plaintiff and Appellant.

Horton, Oberrecht & Kirkpatrick and Nathaniel J. Michels, for Defendants and Respondents.

For nonlawyers to represent themselves in any legal proceeding is a challenge.  Judges make every effort to ensure the right of every litigant to be heard (Cal. Code Jud. Ethics, canon 3(B)(8)), but at the same time they must apply the law equally to all litigants, regardless of whether those parties are represented by an attorney or elect to represent themselves.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)  This includes both the substantive law applicable to the dispute as well as the rules of procedure that guide its resolution.

In this case, an unlawful detainer (UD) action was filed against plaintiff Phillip Frazier by his landlord, J Street Inn, L.P. (J Street).  J Street later dismissed the action without prejudice.  Believing it had been instituted without basis and for an improper purpose, Frazier then filed this action for malicious prosecution against J Street and Howard Greenberg, who Frazier believed controlled J Street.  Defendants responded with a motion to strike the complaint pursuant to California's anti-SLAPP statute, Code of Civil Procedure section 425.16,[1] which gives special protection to certain conduct "in furtherance of [a] person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."  (§ 425.16, subd. (b)(1).)

A malicious prosecution action challenges the basis for a litigant's previous lawsuit—in this case, defendants' prior UD action.  By definition, Frazier's claim arises out of defendants' right to petition the judicial branch of government for relief and is subject to the protections of the anti-SLAPP statute.  Here, having established that the statute applied, defendants'

---

[1]    All statutory references are to the Code of Civil Procedure unless otherwise indicated.

motion to strike placed the burden on Frazier to introduce admissible evidence that, if credited, would be sufficient to sustain a judgment in his favor. In response, Frazier offered no admissible evidence. The trial court had no choice but to grant defendants' motion. For similar reasons, we are compelled to affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2024, Frazier filed a malicious prosecution complaint against defendants J Street and Greenberg alleging they had brought an unfounded UD action against him in 2021 attempting to evict him from his home. Although the details are not completely clear, Frazier apparently believed that defendants thought he had changed the locks on his unit without their permission, something he vehemently denied. Defendants responded to the complaint by filing a special motion to strike under the anti-SLAPP statute. (§ 425.16.) They asserted that Frazier's malicious prosecution claim arose out of constitutionally protected activity—their filing of the UD lawsuit—and that Frazier could not establish a prima facie basis to prevail.

In response to defendants' motion, Frazier submitted a "Response and Opposition and Memorandum of Points and Authorities Opposing Defendant's SLAPP Motion to Strike."[2] This memorandum references four exhibits, which appear to have been attached to a separate "Notice of Filing of Supplemental Exhibits." The exhibits included: (1) a one page "pest control form" purportedly signed by Frazier; (2) a "dog pest article from on-

---

[2] Nearly a month later, Frazier appears to have filed a different two-page document titled "Opposition to SLAPP Motion" that notified defendants and the court his opposition to the anti-SLAPP motion was based on the memorandum of points and authorities, "the Declarations/ Verifications of Paul Lares, and Iryna Nelipovich [aka Iryna Weisband] [whose Declarations/Verifications were perjured], and any documentary and/or oral evidence as may be presented at the time of the hearing of the Motion."

line"; (3) a copy of a verification apparently attached to the UD complaint, signed by J Street property manager Iryna Nelipovich; and (4) a copy of the March 10, 2022 minute order reflecting the dismissal of the UD action without prejudice at J Street's request. There was no accompanying declaration to authenticate the exhibits or provide a proper foundation for their admission.[3] Frazier's argument in opposition to the motion begins with a six-page statement of facts. It appears to be substantially his version of what happened leading up to and following the filing of the UD action, but it is not supported by any declarations signed under penalty of perjury.

Defendants' reply asserted that because Frazier's claims "are rooted and/or arise out of a Malicious Prosecution Cause of Action," the first step of the anti-SLAPP analysis was satisfied. As for the second step, defendants maintained that Frazier had failed to offer any admissible evidence to support his claims.[4]

In granting their anti-SLAPP motion, the trial court agreed with defendants. It concluded that the filing of the UD detainer action was necessarily protected activity, which shifted the burden to Frazier to produce evidence that would support a judgment in his favor. The court identified three elements of a malicious prosecution action, finding that Frazier had

---

[3] Two of the exhibits—the Nelipovich verification and the minute order— appear to duplicate exhibits that were attached to Frazier's complaint.

[4] It appears Frazier attempted to file a surreply. Under a heading, "Probability of Prevailing," he maintained he "has already demonstrated that he would indeed prevail if a trier of fact [a jury] heard his case. The then Plaintiff[s] [TP], and now Defendant[s], knowing their case was untenable and would more than likely lose at trial before a jury, dismissed their case without prejudice. Not only one, but two attorney[s] the then Defendants [TD] and now Frazier had to deal with. Frazier's claim has . . . 'minimal merit' to defeat Defendant[s'] SLAPP motion."

4

failed to establish a prima facie case as to any of the three. As to the first element—a favorable termination of the underlying action—the court explained that a voluntary dismissal would constitute a favorable termination only if the defendants had conceded Frazier did nothing wrong, and there was no evidence to that effect. As to the remaining elements—that the UD action was brought without probable cause *and* with malice, the court concluded Frazier had provided no evidentiary support.

**DISCUSSION**

We begin with some basic principles of appellate review. The trial court's decision is presumed correct, and the burden is on the appellant to affirmatively demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) This burden includes several components. Appellants must provide the reviewing court with a record of the trial court proceedings that contains all the relevant materials. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) Likewise, they must submit a brief summarizing the relevant facts with citations to the record and pertinent legal authority demonstrating the claimed error. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *William Jefferson & Co., Inc. v. Orange County Assessment Appeals Bd. No. 2* (2014) 228 Cal.App.4th 1, 6, fn. 2; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.) We disregard any facts mentioned in the brief that are not part of the record. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632.) The brief must also identify each point of argument under a separate heading, supported by a logical explanation and pertinent authority. (Cal. Rules of Court, rule 8.204(a)(1)(B).) A failure to do so waives the appellant's ability to rely on that argument. (*Winslett v. 1811 27th Avenue, LLC* (2018) 26 Cal.App.5th 239, 248, fn. 6.)

5

### A. *Anti-SLAPP Motions Generally*

"[T]he anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern.  [Citations.]  To that end, the statute authorizes a special motion to strike a claim 'arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.' " (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884.)

"Anti-SLAPP motions are evaluated through a two-step process. Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*), quoting § 425.16, subd. (b).) "[T]he Legislature has defined such protected acts in furtherance of speech and petition rights to include a specified range of statements, writings, and conduct in connection with official proceedings and matters of public interest." (*Park*, at p. 1062; see § 425.16, subd. (e).)  As relevant here, the anti-SLAPP statute protects any written or oral statement made "before" a judicial proceeding or "in connection with an issue under consideration or review" by a judicial body.  (§ 425.16, subd. (e)(1) & (2).)

If a defendant carries its first-step burden, "the plaintiff must then demonstrate its claims have at least 'minimal merit.' " (*Park*, *supra*, 2 Cal.5th at p. 1061.)  Importantly, the anti-SLAPP statute does not *prohibit* claims against defendants arising from their exercise of protected rights of petition or speech.  "It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt*

(2016) 1 Cal.5th 376, 384.) Thus, the second step of the process operates "as a 'summary-judgment-like procedure.' " (*Ibid*.) "[T]he plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.) "If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.)

## B.  *Step One:  Frazier's Malicious Prosecution Claim Arises Out of Constitutionally Protected Activity*

It is well settled that by definition, "malicious prosecution causes of action fall within the purview of the anti-SLAPP statute" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735) because they challenge and seek to curtail the defendant's right to petition the court for redress. Unsurprisingly, the trial court determined that Frazier's malicious prosecution lawsuit arose from defendants' protected activity in filing the UD action.  (See *Birkner v. Lam* (2007) 156 Cal.App.4th 275, 281 ["The prosecution of an unlawful detainer action indisputably is protected activity within the meaning of section 425.16"].)  Frazier did not attack that finding in his opening brief.[5]  His reply brief attempts to do so, but for obvious reasons of fairness we do not normally consider arguments made for the first

---

[5]   Frazier's trial court papers largely omitted any argument on this point as well.  The only reference to the first step of the anti-SLAPP analysis in his opposition brief was a heading that read, "The Complaint Does Not Arise Out of An Act in Furtherance of Defendants['] Right of Petition or Free Speech in Connection With a Public Issue and Therefore Defendants['] Special Motion to Strike Must Be Denied."  Under the heading was a single sentence:  "CCP 425.16 reads in relevant part:  'To this end, this section shall be construed broadly'."  Frazier made no effort to explain why his malicious prosecution claims did not arise out of constitutionally protected activity.

7

time on reply. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 799.) In any event, Frazier cites no authority to support his assertion that a malicious prosecution claim is not subject to anti-SLAPP protection.

## C.    *Step Two:  Frazier Did Not Establish a Probability of Succeeding on His Claim*

With the burden shifted to him at the second step of the anti-SLAPP analysis, Frazier was obligated to introduce enough admissible evidence to support a judgment in his favor. Evidence typically consists of "affidavits, declarations, and their equivalents." (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 949.) It is considered "admissible" if "it is reasonably possible the proffered evidence set out in those statements will be admissible at trial." (*Ibid.*) In other words, the court should consider the evidence if it appears the plaintiff will be able to lay a proper foundation after full discovery. (*Ibid.*)

Here, Frazier failed to satisfy his step-two burden for multiple reasons. Initially, his brief on appeal presents no coherent description of the relevant facts accompanied by citations to the record and reasoned argument explaining why the cited evidence is sufficient to sustain his prima facie burden. His statement of facts refers to allegations in his complaint and exhibits attached to it, ignoring the fact that a plaintiff opposing an anti-SLAPP motion and seeking to establish the merit of the claim "may not rely solely on its complaint, even if verified." (*San Diegans for Open Government v. San Diego State University Research Foundation* (2017) 13 Cal.App.5th 76,

8

95.) "[I]nstead, its proof must be made upon competent admissible evidence."[6]  (*Ibid.*)

Apart from the inadequacy of the briefing on appeal, Frazier made no attempt to offer the trial court admissible evidence to support his claim.  As we have noted, the only documents of an evidentiary nature filed by Frazier are exhibits attached to his complaint and to a "Notice of Filing of Supplemental Exhibits."  There is no accompanying affidavit or declaration authenticating the documents or providing a foundation to explain their origin or relevance.[7]

Typical is Exhibit 2 to Frazier's complaint, what appears to be a one-page handwritten statement signed by J Street's "maintenance supervisor" Paul Lares dated November 19, 2021.  The statement recites that Lares went to Unit 426 (Frazier's apartment) on November 19 with a pest control technician but was unable to gain access because his key did not work.  Frazier apparently believes that J Street sought to evict him by falsely asserting he changed the locks on his apartment without permission, but he failed to provide even a declaration on his own behalf.  If, as Frazier asserts,

[6]    Frazier's briefing suggests he mistakenly believes that a verified pleading constitutes admissible evidence for purposes of an anti-SLAPP motion.

[7]    The allegedly malicious UD complaint was the subject of a request for judicial notice filed by defendants.  In his purported surreply in the trial court (*ante*, at fn. 4), Frazier attempted to address defendants' argument that his exhibits lacked foundation and authentication: "Frazier vehemently disagrees.  The Defendants['] contend that the Verification of Iryna Nelipovich lacks foundation.  The sole purpose of Paul Lares declaration, and Iryna Nelipovish [*sic*] Verification, [which were perjured] was to evict Frazier from his Unit 426.  For the Defendants['] to contend that the aforesaid lacked foundation and authentication, and not admissible evidence is disingenuous.  The Defendants['] comes into this Court with 'Unclean Hands'."

he did not change the locks, it is unclear why the misunderstanding was not resolved after he received the three-day notice to cure the alleged violation of the lease. More importantly, perhaps, Frazier offers no evidence to indicate that any mistakes or errors by J Street were intentional and malicious, rather than innocent or merely negligent.[8]

Beyond these deficiencies, Frazier appears to believe his bare assertion that he has "evidence" entitles him to exercise his constitutional right to a trial by jury. Indeed, the entirety of the "Argument" section in his opening brief focuses on his federal and state jury trial rights. Yet California courts have repeatedly held that requiring plaintiffs in anti-SLAPP cases to establish a prima facie case in a summary judgment-type preliminary procedure does not violate the constitutional right to trial by jury. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 412; *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123; see also *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 867 ["[P]roperly construed [former] section 425.16, subdivision (b) does not violate the right to a jury trial"]; *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 355 ["This test avoids infringing the right to a jury trial"].) As with a summary judgment motion (see, e.g., *Scott v. Farrar* (1983) 139

---

8    Rather than submitting admissible evidence to provide context for the Lares statement and contradict any factual assertions on which the UD action was based, Frazier's brief chooses to cast aspersions: "For the respondents['] to assert that the letter/document of Paul Lares [Lares] is inadmissible evidence is disingenuous and egregious, especially that the letter/document therein contains information that is deceitful, dishonest, unconscionable, reprehensible and dangerous and constitutes 'unclean hands conduct'. Any reasonable jury at trial after hearing the evidence regarding the contents contained therein Lares['s] letter/document, and the subsequent actions/conduct of Lares will indeed shock the conscious [*sic*] of a reasonable mind."

Cal.App.3d 462, 467), an anti-SLAPP motion merely seeks to ascertain whether the plaintiff has *enough* evidence to justify a jury trial.  (See generally *Fidelity & Deposit Co. v. United States* (1902) 187 U.S. 315, 320.)

The trial court properly granted defendants' anti-SLAPP motion, striking Frazier's complaint.

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.


DATO, Acting P. J.

WE CONCUR:


DO, J.


RUBIN, J.